**EXHIBIT A**

EFiled: Jul 01 2015 02:51PM
Transaction ID 57485275
Case No. S15C-06-038 THG
SUMMO

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR SUSSEX COUNTY

| | |
|---|---|
| KENNETH KOPP and NORMA KOPP ) ) ) Plaintiffs, ) ) v. ) ) GEORGE VAUGHAN and ) STEVENS TRANSPORT, Inc. ) ) Defendants. ) | C.A. No. _____ ARBITRATION CASE TRIAL BY JURY OF <u>TWELVE DEMANDED</u> |

THE STATE OF DELAWARE,
TO PLAINTIFFS' COUNSEL:
YOU ARE COMMANDED:

    To summon Defendants so that, within 20 days after service hereof upon the defendants, exclusive of the day of service, defendant, shall serve upon <u>JASON C. POWELL, ESQUIRE</u>, Plaintiffs' attorney, whose address is <u>824 N. Market Street, Suite 1000, P.O. Box 1351, Wilmington, DE 19899</u>, an answer to the complaint (and, if an affidavit of demand has been filed, an affidavit of defense).

    To serve upon Defendants a copy hereof and of the complaint (and of the affidavit of demand if any has been filed by plaintiffs) pursuant to Del. C. § 3104.

Date:_____

                                          <u>JOYCE M. COLLINS</u>
                                          Prothonotary

                                          Per Deputy

**TO THE ABOVE-NAMED DEFENDANTS:**
    In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on plaintiffs' attorney named above an answer to the complaint (and, if an affidavit of demand has been filed, an affidavit of defense), judgment by default will be rendered against you for the relief demanded in the complaint (or in the affidavit of demand, if any).

                                          <u>JOYCE M. COLLINS</u>
                                          Prothonotary

                                          Per Deputy



EFiled: Jun 26 2015 02:47PM EDT
Transaction ID 57465425
Case No. S15C-06-038 THG

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR SUSSEX COUNTY

| | |
|---|---|
| KENNETH KOPP and <br> NORMA KOPP <br><br> Plaintiffs, <br><br> v. <br><br> GEORGE VAUGHAN and <br> STEVENS TRANSPORT, Inc. <br><br> Defendants. | ) <br> ) <br> ) C.A. No. _____ <br> ) <br> ) ARBITRATION CASE <br> ) <br> ) TRIAL BY JURY OF <br> ) <u>TWELVE DEMANDED</u> <br> ) <br> ) <br> ) |

## COMPLAINT

1. Plaintiffs, Kenneth and Norma Kopp, are husband and wife and residents of the State of Delaware, residing at 17232 Pine Water Dr., Lewes, DE 19958.

2. Defendant, George Vaughan (hereinafter referred to as "Vaughan") is an individual and resident of the State of Florida, residing at 8626 Burkhall St., Jacksonville, FL 32211.

3. Defendant, Stevens Transport, Inc. (hereinafter referred to as "Stevens") is a business corporation organized in the State of Texas with a registered office address at 9757 Military Parkway, Dallas, TX 75227.

4. At all times relevant hereto, Defendant Vaughan was an agent, servant and/or employee of Defendant Stevens and was operating the motor vehicle in the course and scope of his employment.

## COUNT I

### NEGLIGENCE

5. On or about March 31, 2104, at approximately 2:54 p.m., Plaintiff, Kenneth Kopp, was a passenger in a motor vehicle being operated by Henry Casko, which was stopped in the

left turn lane in a westerly direction on Park Avenue at its intersection with South Bedford Street in Georgetown, DE.

6. On the date and at the time and place mentioned above, Defendant Vaughan was traveling in a northerly direction on South Bedford Street and attempted to make a right turn onto Park Avenue to proceed in an easterly direction and negligently and carelessly caused the motor vehicle he was operating to violently collide with the vehicle in which Plaintiff was a passanger.

7. On the date and at the time and place mentioned above, the motor vehicle being operated by Defendant Vaughan was owned by Defendant Stevens.

8. Defendant's conduct was negligent and was the proximate cause of the aforesaid accident. The defendant was negligent in that he:

a) Operated his vehicle in a reckless manner, in violation of 21 Del. C. §4175(a);

b) Operated his vehicle in a careless and imprudent manner, without due regard for the road, weather and traffic conditions then existing, in violation of 21 Del.C. §4176(a);

c) Failed to maintain a proper lookout and/or failed to give full time and attention to the operation of his vehicle, in violation of 21 Del.C. §4176(b);

d) Failed to maintain proper control of his vehicle;

e) Failed to drive at an appropriate speed when approaching an intersection or given the traffic and highway conditions, in violation of 21 Del. C. §4168(b);

f) Operated his vehicle at a speed that was greater than was reasonable and prudent under the conditions, without regard to the actual and potential hazards then existing, and in a manner that caused a collision with another vehicle, in violation of 21 Del. C. §4168(a);

g) Failed to operate his vehicle in a reasonable manner under the circumstances during the aforesaid collision and in doing the aforesaid acts violated the duty of care he had to others on the road, including Plaintiff; and

h) Was otherwise negligent as discovery will reveal.

9. Defendant Stevens as the employer of Defendant Vaughan is responsible for the happenings of the accident pursuant to the doctrine of respondeat superior.

10. As a direct and proximate result of Defendant's negligence and carelessness, the Plaintiff, Kenneth Kopp, sustained serious injuries and resulting pain and suffering.

11. As a further result of the Defendant's negligence, Plaintiff, Kenneth Kopp, has suffered severe shock, great physical pain and suffering and mental anguish, and a loss of life's pleasures and enjoyments, all of which may continue for an indefinite time in the future.

12. As a further result of the Defendant's negligence, Plaintiff, Kenneth Kopp, has been, or will be, obligated to receive and undergo medical care and to incur various expenses for the injuries he has suffered, and he may be obligated to continue to expend such sums or incur such expenditure for an indefinite period of time.

13. As a further result of Defendant's negligence, Plaintiff, Kenneth Kopp, has suffered a loss of an economic opportunity, and he will continue to suffer losses of income for an indefinite period of time.

## COUNT II

## LOSS OF CONSORTIUM

14. Plaintiff re-alleges paragraphs 1 through 13 as though same were fully set forth herein.

15. As a further result of Defendant's negligence, Plaintiff, Norma Kopp, has lost the society, guidance, companionship, and consortium of her husband, Plaintiff, Kenneth Kopp.

WHEREFORE, Plaintiffs demand judgment against Defendants for their general and special damages, and punitive damages, plus interest and costs of this action.

FERRY JOSEPH, P.A.

/s/ Jason C. Powell
JASON C. POWELL, ESQUIRE (No. 3768)
824 N. Market Street, Suite 1000
P.O. Box 1351
Wilmington, DE 19899
(302) 575-1555
Attorneys for Plaintiffs

Dated: June 26, 2015